## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ADAM PIKE, an individual, BRET BERRY, an individual, REVA COOK, an individual, RELIANCE MEDICAL SYSTEMS, LLC, a Utah limited liability company, and PIKE INDUSTRIES, Inc., a Utah corporation,<br><br>                  Plaintiffs,<br><br>        v.<br><br>WELLS FARGO BANK, N. A.,<br><br>                Defendant. | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 1:15-cv-00057**<br><br>**United States District Court Judge Clark Waddoups**<br><br>**Magistrate Judge Dustin Pead** |

This case is before the above entitled Court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Clark Waddoups (doc. 4). On July 13, 2015, Judge Waddoups issued a Short Form Discovery Motion Order setting forth the expedited procedure to be followed in all discovery disputes in this case (doc. 15).

## I.  BACKGROUND

Plaintiffs Adam Pike, Bret Berry, Reva Cook, Reliance Medical Systems and Pike Industries (collectively "Plaintiffs") are individuals and entities who had personal banking relationships with Defendant Wells Fargo Bank ("Wells Fargo"). As set forth in the complaint, Plaintiffs contend they received form letters indicating that Wells Fargo had "decided to close [Plaintiffs'] above referenced accounts" (doc. 2-2). Wells Fargo failed to provide Plaintiffs with further explanation for the account closure and instead informed third parties that Plaintiffs "were guilty of alleged criminal activities and those activities formed the basis of Wells Fargo's" decision to close the accounts (doc. 2, ¶21). Based thereon, Plaintiffs filed claims against Wells

Fargo for breach of implied contract, breach of implied covenant of good faith and fair dealing, tortious interference with economic relations, slander and intentional infliction of emotional distress (doc. 2).

## II.  DISCOVERY DISPUTES

### a) Plaintiffs' Motion To Compel

On February 12, 2016, Plaintiffs filed a motion to compel discovery seeking an order of the court requiring Wells Fargo to fully respond to Plaintiffs' First Set of Discovery Requests ("Discovery Requests") (doc. 28).  Plaintiffs assert that Wells Fargo's blanket objections to Interrogatories 2, 4, 6, 8, 10, 12, 13, 17 and 18 and Requests For Production 3, 4, 5, 6, 7, 8, 9, 10 and 11 are improper because Wells Fargo fails to provide a basis for the objections or to indicate what privilege applies (doc. 28-2, *e.g.* "responsive information *may* include confidential supervisory or governmental information which Wells Fargo will not disclose.").

### b) Wells Fargo's Motion For Protective Order

 Wells Fargo filed its initial motion for protective order on February 22, 2016 (doc. 32) and, pursuant to this court's request (doc. 40), filed a supplemental sealed ex parte motion for protective order on March 27, 2016 (doc. 45).  Wells Fargo seeks to prohibit Plaintiffs from inquiring about or obtaining documents that implicate privileged and other statutorily protected information.   Wells Fargo contends that due to the nature of the privileges claimed, it is unable to identify those specific privileges or statutory protections relied upon in support of its motion.

### c) Plaintiffs' Motion For Discovery

Plaintiffs seek an order granting them access to the Declaration of FBI Special Agent ("FBI Declaration) filed under seal by Wells Fargo on March 28, 2016 (doc. 47)

### III.  ANALYSIS

Upon review the court finds, while unusual, under these circumstances Wells Fargo is prohibited from fully responding to the discovery requests at issue in Plaintiffs' motion to compel.[1]  Such prohibitions restrict Wells Fargo both from providing the contents of documents sought in addition to acknowledging the existence of documents, if any.  Further, the court's own ability to provide Plaintiffs with additional detailed information regarding the relevant privileges and protected information is similarly limited.  If at any point, a privilege no longer has relevance or fails to apply to the discovery sought, Wells Fargo has an ongoing obligation to supplement its responses.  For these reasons, Plaintiffs' motion to compel is granted, in part, as to Interrogatories 17 and 18 and Requests For Production 10 and 11, and Wells Fargo's motion for protective order is granted.

Wells Fargo's request to extend coverage under the protective order to the parties' depositions is granted to the extent that a deponent's invocation of the same privileges and protections raised by Wells Fargo in the protective order, where relevant, will be granted.  *See generally* Fed. R. Civ. P. 30(d)(3)(B) (allowing court to limit the scope of a deposition as provided under Rule 26(c); Fed. R. Civ. P. 26(c)(1)(C) (protective order issued to "forbid inquiry into certain maters, or limiting the scope of disclosure or discovery to certain matters").

Finally, Plaintiffs motion for discovery seeking access to the FBI Declaration is denied. The FBI Declaration was filed in conjunction with and directly relates to Wells Fargo's sealed, ex parte motion for protective order addressing the source of the privileges and protections relied

---

[1]Wells Fargo does not assert any privilege or statutory protection with respect to Interrogatories 17 and 18 and Requests For Production 10 and 11 (doc. 45).

upon by Wells Fargo.

## IV.  ORDER

Based on the foregoing, the court:

**GRANTS, IN PART,** Plaintiffs' motion to compel as to Interrogatories 17 and 18 and

Requests For Production 10 and 11 (doc. 28);

**GRANTS** Wells Fargo's motions for protective order as to Interrogatories 2, 4, 6, 8, 10,

12, 13 and Requests For Production 3, 4, 5, 6, 7, 8, and 9 (doc. 32, 45); and

**DENIES** Plaintiffs' motion for discovery (doc. 47).

### IT IS SO ORDERED.

Dated this 7th day of April, 2016

_____
Dustin Pead
U.S. Federal Magistrate Judge